# U.S. District Court
# Western District of Missouri (Kansas City)
# CRIMINAL DOCKET FOR CASE #: 4:24−mj−00022−WBG−1

Case title: USA v. Manning                                Date Filed: 03/11/2024

Assigned to: Magistrate Judge W. Brian Gaddy

**Defendant (1)**

| | | |
|---|---|---|
| **Fedo Antonia Manning** | represented by | **Shawn LeRoy Blair**<br>Bologna & Blair, LLC<br>118 N. Water<br>Liberty, MO 64068<br>816−792−3529<br>Email: shawn@bolognablair.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br>*Bar Status: Active* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| COUNT ONE: (Conspiracy to Traffic Firearms)– 18 U.S.C. §§ 933(a)(1), (3), and (b); COUNT TWO: (Engaging in Firearm Sales Without a License)– 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D); COUNTS THREE TO TWELVE: (Making a False | |

Statement on ATF Form 4473)–
18 U.S.C. §§ 922(a)(6) and
924(a)(2).

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **William A. Alford , III**<br>United States Attorney's Office–KCMO<br>400 E 9th Street<br>Suite 5510<br>Kansas City, MO 64106<br>(816) 426–4219<br>Fax: (816) 426–3126<br>Email: trey.alford@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney*<br>*Bar Status: Active* |

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2024 | 1 | COMPLAINT as to Fedo Antonia Manning (1). (Attachments: # 1 Affidavit (under seal)) (Chorny, Traci) (Additional attachment(s) added on 3/14/2024: # 2 redacted affidavit) (Chorny, Traci). (Entered: 03/11/2024) |
| 03/11/2024 | 2 | MOTION to seal case by USA as to Fedo Antonia Manning. (Chorny, Traci) (Entered: 03/11/2024) |
| 03/11/2024 | 3 | ORDER granting 2 motion to seal case as to Fedo Antonia Manning (1). This complaint shall be kept secret until a defendant is in custody or has been given bail, and upon completion of the issuance of the warrant of arrest, the Clerk shall seal the complaint, and it shall remain sealed pending further order of the Court. Signed March 11, 2024 by United States Magistrate Judge Lajuana M. Counts. (Chorny, Traci) Signed on March 11, 2024 by Magistrate Judge Lajuana M. Counts. (Chorny, Traci) (Entered: 03/11/2024) |
| 03/13/2024 | | ARREST of Fedo Antonia Manning (Baldwin, Joella) (Entered: 03/13/2024) |
| 03/13/2024 | | ORDER as to Fedo Antonia Manning. A defendant having been arrested, it is ordered that this complaint be unsealed, and then processed in accordance with established procedure and law. Signed by United States Magistrate Judge Lajuana M. Counts. This is a docket entry only. No document is attached. (Baldwin, Joella) (Entered: 03/13/2024) |
| 03/13/2024 | 4 | MOTION for detention hearing by USA as to Fedo Antonia Manning. Suggestions in opposition/response due by 3/27/2024 unless otherwise directed by the court. (Alford, William) (Entered: 03/13/2024) |
| 03/13/2024 | 5 | MOTION to continue detention hearing by USA as to Fedo Antonia Manning. Suggestions in opposition/response due by 3/27/2024 unless otherwise directed by the court. (Alford, William) (Entered: 03/13/2024) |

| | | |
|---|---|---|
| 03/13/2024 | 6 | Minute Entry for proceedings held before Magistrate Judge Lajuana M. Counts: INITIAL APPEARANCE as to Fedo Antonia Manning held on 3/13/2024<br><br>All parties present; defendant present in custody. Defendant advised of the charges and his rights. Defendant confirms he understands his rights and may attempt to hire private counsel; however, does not object to court–appointed counsel. Court grants Defendant's oral motion and counsel will be appointed; written order to follow. If/once private counsel enters his/her appearance, appointed counsel will be allowed to withdraw. Appointed counsel shall assist the defendant with completing and filing the Financial Affidavit.<br><br>Defendant confirms receipt of the complaint and affidavit and confirms he understands his rights. Government's counsel summarizes the charges and range of punishment. Bail not set; a motion for detention hearing and for continuance of hearing filed by Government – GRANTED.<br><br>**Preliminary and detention hearings set for 3/18/24 at 9:00 a.m. in Courtroom 6D, Kansas City before Magistrate Judge Brian Gaddy.**<br><br>Defendant remanded to the custody of the U.S. Marshal and temporarily detained pending preliminary/detention hearings.<br><br>Counsel appearing for USA: Trey Alford. Time in court: 2:08 p.m. to 2:23 p.m. To order a transcript of this hearing please contact Joella Baldwin, 816–512–5052. This is a TEXT ONLY ENTRY. No document is attached. (Baldwin, Joella) (Entered: 03/13/2024) |
| 03/13/2024 | 7 | ORAL MOTION to appoint counsel by Fedo Antonia Manning. (Baldwin, Joella) (Entered: 03/13/2024) |
| 03/13/2024 | 8 | ORDER APPOINTING COUNSEL UNDER CJA: Shawn LeRoy Blair appointed in felony proceedings as to Fedo Antonia Manning – GRANTING: 7 MOTION to appoint counsel filed by Fedo Antonia Manning. Signed on 3/13/24 by Magistrate Judge Lajuana M. Counts.(Baldwin, Joella) (Entered: 03/14/2024) |
| 03/14/2024 | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the Complaint filed on 3/12/2024. The original affidavit has been sealed and a redacted version of the affidavit has been entered. (Related Document 1 ) This is a text entry only – no document is attached. (Chorny, Traci) (Entered: 03/14/2024) |
| 03/14/2024 | 10 | BOND REPORT as to Fedo Antonia Manning. Document is available to applicable parties only. Authorized users enter PACER login and password first for authentication. (Barker, Melissa) (Entered: 03/14/2024) |
| 03/18/2024 | 11 | Minute Entry for proceedings held before Magistrate Judge W. Brian Gaddy: PRELIMINARY HEARING and DETENTION HEARING as to Fedo Antonia Manning held on 3/18/2024.<br><br>All parties present and ready for hearing; Defendant appears in person and in custody. Court summarizes charges of the complaint. Parties stipulate to the factual content of the affidavit attached to the complaint as being the direct testimony of Special Agent Steven Lester. Government counsel calls Special Agent Steven Lester. Direct examination held. Cross examination held. Re–direct held. No additional evidence as |

|  |  |  |
|---|---|---|
|  |  | to probable cause presented by either party. Arguments presented. The Court finds probable cause established. Defendant bound over to the U.S. District Court for grand jury action.<br><br>As required by Rule 5(f), the Court orders the United States to produce all exculpatory evidence to the Defendant pursuant to Brady v. Maryland and its progeny. Not doing so in a timely manner may result in sanctions, exclusion of evidence, adverse jury instructions, dismissal of charges, disciplinary action, and contempt proceedings.<br><br>Parties confirm receipt of the Pretrial Services Report and stipulate to the factual content of the Pretrial Services Report as being the direct testimony of the Pretrial Services Officer. No further evidence or proffers. Arguments presented.<br><br>The Court advises this matter is under advisement. The follow−up Detention Hearing set for 3/22/2024 09:00 AM in Courtroom 6D, Kansas City before Magistrate Judge W. Brian Gaddy.<br><br>Counsel appearing for USA: Trey Alford. Counsel appearing for Defendant: Shawn Blair. Pretrial/Probation Officer: Tanis Humig. Time in court: 9:07 a.m. to 9:57 a.m. To order a transcript of this hearing please contact Melissa Nolte, 816−512−5774. This is a TEXT ONLY ENTRY. No document is attached. (Nolte, Melissa) (Entered: 03/18/2024) |
| 03/18/2024 | 12 | NOTICE PURSUANT TO THE DUE PROCESS PROTECTIONS ACT as to Fedo Antonia Manning. Signed on 3/18/2024 by Magistrate Judge W. Brian Gaddy. (Nolte, Melissa) (Entered: 03/18/2024) |
| 03/18/2024 | 13 | AFFIDAVIT of Financial Status of Fedo Antonia Manning. (Nolte, Melissa) (Entered: 03/18/2024) |
| 03/22/2024 | 14 | Minute Entry for proceedings held before Magistrate Judge W. Brian Gaddy: DETENTION HEARING as to Fedo Antonia Manning held on 3/22/2024.<br><br>All parties present and ready for hearing; Defendant appears in person and in custody. The Court takes up the Detention hearing that went under advisement on March 18, 2024 (Doc. 11 ). The Court is in receipt of support letters provided by Defense counsel. Government counsel proffers. Court accepts proffer. No further evidence or proffers. Arguments presented.<br><br>The Court finds there is no condition or combination of conditions of release that would reasonably assure the safety of the community. Defendant remanded to the custody of the United States Marshals pending further proceedings in this case. A written order will follow.<br><br>Counsel appearing for USA: Trey Alford. Counsel appearing for Defendant: Shawn Blair. Pretrial/Probation Officer: Tanis Humig. Time in court: 9:02 a.m. to 9:20 a.m. To order a transcript of this hearing please contact Melissa Nolte, 816−512−5774. This is a TEXT ONLY ENTRY. No document is attached. (Nolte, Melissa) (Entered: 03/22/2024) |
| 03/22/2024 | 15 | ORDER OF DETENTION as to Fedo Antonia Manning. Signed on 3/22/2024 by Magistrate Judge W. Brian Gaddy. (Gomez, Kylee) (Entered: 03/22/2024) |

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FEDO ANTONIA MANNING,<br><br>Defendant. | Case No. 24-MJ-00022-WBG (LMC) |

## MOTION TO SEAL COMPLAINT

Comes now the United States of America, by and through the undersigned attorneys for the Western District of Missouri and moves this Honorable Court for an Order to seal the Complaint filed in this matter on March 11, 2024, pending the arrest of the defendant, Fedo Antonia Manning. In support herein, the Government states as follows:

1. Sealing the complaint in this matter pending the arrest of the defendant will preserve the integrity of the extensive investigation herein.

2. The granting of this motion does not prejudice the defendant in any fashion.

WHEREFORE, the Government prays the Court grant a motion sealing the Complaint in this matter pending the arrest of the defendant.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By /s/ William A. Alford III

William A. Alford III
Assistant United States Attorney
Violent Crime & Drug Trafficking Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>FEDO ANTONIA MANNING,<br><br>                  Defendant. | Case No. 24-MJ-00022-WBG (LMC) |

## O R D E R

This matter is before the Court on the Government's motion to seal the above-captioned case and all documents in the case. On the basis of the Government's representation that disclosure of the documents or the existence of the case would jeopardize an ongoing criminal investigation, the motion will be granted.

**IT IS THEREFORE ORDERED,** that the case and all documents in the case, along with the Government's Complaint and this Order, be kept and retained under seal by the Clerk of the Court until further Order of the Court.

Dated this 11th day of March 2024, in Kansas City, Missouri. 4:36 PM, Mar 11, 2024

_____
HONORABLE LAJUANA M. COUNTS
United States Magistrate Judge
Western District of Missouri



IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FEDO ANTONIA MANNING,<br><br>Defendant. | Case No. 24-MJ-00022-WBG |

**MOTION FOR DETENTION**

Comes now the United States of America, by and through its undersigned counsel, and hereby moves this Court to order the detention of defendant Fedo Antonia Manning ("the defendant"), and states the following in support of the motion:

1. This motion is being made at Defendant Fedo Antonia Manning's first appearance before a judicial officer. This motion for detention is filed by the United States against the defendant in this case. The Criminal Complaint contains the following charges: conspiracy to traffic firearms; engaging in firearms sales without a license; and making false statements on ATF Form 4473.

2. Based on this charges and the present motion, this Court "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

3. Under the Bail Reform Act, a defendant can be detained before if "the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no

condition or set of conditions . . . will reasonably assure the defendant's appearance can a defendant be detained before trial." *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc)).

4.   In determining whether pretrial detention is appropriate, the Court shall consider information concerning the nature and circumstance of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the danger to any person of community posed by the defendant's release.  18 U.S.C. § 3142(g).

5.   Based on the the Affidavit of Special Agent Steven Lester of the Bureau of Alcohol, Tobcco, Firearms and Explosives, the defendant has purchased a substantial amount of firearms during a short period of time and many of these firearms have been sold to a prohibited CI who had a prior felony conviction or they have been utilized in various crimes.

6.   The United States submits that there are no conditions which the Court could place on the defendant's release which would reasonably assure the safety of the community by clear and convincing evidence and reasonably assure the defendant's appearance by a preponderance of the evidence.

2

WHEREFORE, based on the foregoing, the United States requests that the Court hold a Detention Hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of the defendant.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By  /s/William A. Alford III

William A. Alford III
Assistant United States Attorney
Violent Crime & Drug Trafficking Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on March 13, 2024, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

/s/William A. Alford III
William A. Alford III
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>FEDO ANTONIA MANNING,<br><br>  Defendant. | Case No. 24-MJ-00022-WBG |

## MOTION OF THE UNITED STATES FOR
## CONTINUANCE OF A DETENTION HEARING

Comes now the United States of America, by Teresa A. Moore, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, and does hereby move the Court for an order granting a continuance of the detention hearing as to defendant, Fedo Antonia Manning, provided by Section 3142(f), Title 18, United States Code.

## SUPPORTING SUGGESTIONS

Title 18, United States Code, Section 3142(f) provides that the appropriate judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in Section 3142(c) will reasonably assure the appearance of a defendant as required and the safety of any other person and the community when the attorney for the government moves for a detention hearing provided by said subsection, or upon the appropriate judicial officer's own motion, also as provided by Section 3142(f).

Subsection (f) of Section 3142 provides: "The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person or the attorney for the government seeks a continuance. Except for good cause, a continuance on motion of the person

may not exceed five days, and a continuance on motion of the attorney for the government may not exceed three days. During a continuance, the person shall be detained . . ."

The United States desires the continuance to facilitate the acquisition of additional information regarding the above defendant, to evaluate the said information, and to prepare for the hearing.

    Respectfully submitted,

    Teresa A. Moore
    United States Attorney

By  /s/William A. Alford III

    William A. Alford III
    Assistant United States Attorney
    Violent Crime & Drug Trafficking Unit
    Charles Evans Whittaker Courthouse
    400 East Ninth Street, Suite 5510
    Kansas City, Missouri 64106
    Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on March 13, 2024, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

    /s/William A. Alford III
    William A. Alford III
    Assistant United States Attorney

2

Case 4:23-cr-00102-BP-WBG   Document 80-15   Filed 04/02/24   Page 12 of 26

UNITED STATES OF AMERICA

                Plaintiff,

-vs-                                              Case No. 24-mj-00022-WBG(LMC)

FEDO ANTONIA MANNING,

                Defendant.

## **ORDER APPOINTING CRIMINAL JUSTICE ACT COUNSEL**

The above-named defendant, having appeared before the Court this date, and not having waived counsel, it is

ORDERED that Shawn Blair, 118 N. Water, Liberty, MO, 64068, Phone: 816-792-3529 be, and is hereby, appointed to represent the defendant before the United States Magistrate Judge and in all proceedings thereafter unless and until relieved by order of the United States District Court for the Western District of Missouri.

                                                /s/ Lajuana M. Counts
                                                LAJUANA M. COUNTS
                                                UNITED STATES MAGISTRATE JUDGE

Kansas City, Missouri
March 13, 2024

Case 4:23-cr-00102-BP Document 80-18 Filed 04/23/24 Page 12 of 16
Case 4:24-mj-00022-WBG Document 18 Filed 03/28/24 Page 1 of 1

12

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-mj-00022-WBG |
| ) | |
| FEDO ANTONIA MANNING, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**NOTICE PURSUANT TO THE
DUE PROCESS PROTECTIONS ACT**

Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence – that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

DATE: March 18, 2024                               */s/ W. Brian Gaddy*
                                                                    W. BRIAN GADDY
                                                                    UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
for the

WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 24-MJ-00022-WBG |
| Fedo A. Manning | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

**Part I - Eligibility for Detention**

Upon the

- ✓ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
- ☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

**Part II - Findings of Fact and Law as to Presumptions under § 3142(e)**

**A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

        **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

        **(e)** any felony that is not otherwise a crime of violence but involves:

        **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

    **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

    **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

    **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

**B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

**(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

**(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

**(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

**(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

**(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**C. Conclusions Regarding Applicability of Any Presumption Established Above**

The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

✓ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

✓ Weight of evidence against the defendant is strong
  Subject to lengthy period of incarceration if convicted
  Prior criminal history
  Participation in criminal activity while on probation, parole, or supervision
  History of violence or use of weapons
  History of alcohol or substance abuse
  Lack of stable employment
  Lack of stable residence
  Lack of financially responsible sureties

Lack of significant community or family ties to this district
Significant family or other ties outside the United States
Lack of legal status in the United States
Subject to removal or deportation after serving any period of incarceration
Prior failure to appear in court as ordered
Prior attempt(s) to evade law enforcement
Use of alias(es) or false documents
Background information unknown or unverified
Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The nature and circumstances of the offense and the weight of the evidence justified detention. The affidavit established Defendant allegedly straw purchased 40 firearms. 7 of those firearms were transferred to a convicted felon. 7 other guns have been traced to other criminal investigations, including a gun found at the Chiefs parade, a gun traced to a person who engaged in an armed robbery, a gun located in a wooded area connected to a homicide investigation in Columbia, Missouri, a gun recovered from a person who committed a carjacking, a gun recovered from an alleged gang member in KCK, and a gun tied to a minor on an armed party call. The volume of straw gun purchases in this case is compelling.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

The correctional facility to which defendant is remanded is authorized to allow defendant to review electronic discovery, independent of counsel, in accordance with the protocols established by the facility and the Offices of the Federal Public Defender and United States Attorney, once defense counsel provides discovery via a secure storage device. The defendant shall be allowed a minimum of two hours per week access to review electronic discovery until defense counsel retrieves the storage device from the correctional facility.

Upon receipt of written consent from counsel for the United States and counsel for the defendant, the United States Marshal is authorized to temporarily transfer custody of the defendant to a federal law enforcement agency for the purpose of furthering a legitimate law enforcement purpose or investigation. If custody of the defendant is temporarily transferred to a federal law enforcement agency pursuant to this authority, then federal law enforcement agents of that agency shall be present with the defendant at all times. Agents of the federal law enforcement agency to whom temporary custody of the defendant is transferred shall be responsible for the safe and secure custody of the defendant, as well as the defendant's well-being while in the temporary custody of that federal law enforcement agency.

The defendant, whose custody is temporarily transferred pursuant to this authority, shall remain in the United States Courthouse, 400 East 9th Street, Kansas City, Missouri, shall not be taken to another location, and shall be returned by the federal law enforcement agency to the United States Marshals Service cell block no later than 5:00 p.m. on the day of the temporary transfer.

Date: 3/22/24             /s/ W. Brian Gaddy
                          United States Magistrate Judge