# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 23-00111-02-CR-W-BP |
| DEJOHUAN MIETZ HUNTLEY, (02), | |
| Defendant. | |

## GOVERNMENT'S RESPONSE TO DEFENDANT HUNTLEY'S SENTENCING MEMORANDUM

The United States of America, by and through its attorneys, respectfully submits this response to defendant Dejohuan Mietz Huntley's sentencing memorandum. The defendant is scheduled to be sentenced on June 26, at 1:00 p.m., in Courtroom 7A. As more fully explained below, the Government will recommend a sentence within the Guideline range as determined by the Court at sentencing, followed by at least three years of supervised release. Specifically, the United States will recommend a sentence of 84 months' imprisonment on Counts One, Nineteen, Twenty-three to run concurrently. The Government will also request the Court to finalize the preliminary order of forfeiture in the amount of $3,600. (Doc. 102). This proposed forfeiture money judgment reflects the illicit proceeds the defendant derived from the defendant's illegal trafficking of firearms.

### A. Background

On May 17, 2023, a federal grand jury returned a twenty-three-count indictment against four defendants, including Defendant Dejohuan Mietz Huntley. Defendant Huntley was charged with eight counts to include conspiracy to traffic firearms, engaging in firearms sales without a license, illegal trafficking of firearms, possession of unregistered machine guns, and for being a felon in possession of firearms. (Doc. 1).

On February 21, 2024, Huntley pled guilty to Counts One, Nineteen and Twenty-three of the indictment. (Doc. 75-76). A Presentence Investigation Report (PSR) was ordered by the Court. The final PSR was filed on June 6, 2024. (Doc. 98).

Consistent with the plea agreement in this case, the Government will recommend a sentence within the advisory Guidelines range deemed applicable by the Court. Based on the 18 U.S.C. § 3553(a) sentencing factors and evidence discussed below the Government recommends a sentence of 84 months' imprisonment on Counts One, Nineteen, Twenty-three to run concurrently.

### B. Statutory Sentencing Range

Huntley's statutory range of punishment for Count One of the indictment is a term of imprisonment of not more than 15 years, a term of not more than supervised release of three years, and a fine not to exceed $250,000. Huntley's statutory range of punishment for Count Nineteen of the indictment is a term of imprisonment of not more than ten years, a term of supervised release of not more than three years, and a fine not to exceed $250,000. Last, Huntly's statutory range of punishment for Count Twenty-three of the indictment is a term of imprisonment of not more than 15 years, a term of not more than supervised release of three years, and a fine not to exceed $250,000. (PSR ¶¶ 131, 140, 135).

### C. Sentencing Guidelines Calculations

The United States Probation Office calculated Huntley's guidelines range under the United States Sentencing Guideline ("U.S.S.G."). The PSR determined Huntley's base offense level to be 22. (PSR ¶ 58). The Probation Office also determined that a two-level enhancement was applicable due to the misconduct involving three to seven firearms. (PSR ¶ 59). The PSR also included a two-level enhancement was applicable as the defendant was convicted for an offense under 18 U.S.C. § 933. (PSR ¶ 60). The Probation Office also determined that the

2

defendant recklessly created a substantial risk of death or serious bodily injury when he fled from law enforcement officials in a vehicle at a high rate of speed. (PSR ¶ 61). The defendant has accepted responsibility for his crimes and accordingly he should receive a three-level reduction. (PSR ¶ 65, 66). In conclusion, the Probation Office determined that the total offense level is 25. (PSR ¶ 25). The Probation Office concluded that the defendant had a criminal history score of four and that the defendant is in criminal history category III. (PSR ¶ 77, 78). Finally, the Probation Office concluded that the applicable Guidelines range is 70 to 87 months' imprisonment. The parties did not file any objections to these computations.

### D. Sentencing Factors Under 18 U.S.C. § 3553

"In accord with 18 U.S.C. § 3553(a), the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Kimbrough v. United States*, 128 S.Ct. 558, 169 (2007). Thus, when sentencing Huntley, this Court should examine the Guidelines as a factor under 18 U.S.C. § 3553(a). *United States v. Growden*, 663 F.3d 982, 984-85 (8th Cir. 2011). In pertinent part, these factors include:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed—

(a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(b) to afford adequate deterrence to criminal conduct;

(c) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a); *Id.* Further, sentences within the guideline range are presumptively reasonable on appeal. *United States v. Cottrell*, 853 F.3d 459, 463 (8th Cir. 2017).

After due consideration to both the Guidelines and the factors to be considered under § 3553, a sentence within the resulting advisory Guidelines range, as contemplated by the PSR,

3

would be appropriate and reasonable. In this case, the relevant factors listed in § 3553 as to Huntley can be summarized as follows:

### 1. *Nature and Circumstances of the Offense*

Defendant Huntley was involved in a conspiracy to illegally traffic firearms, to include inherently dangerous machineguns that were not manufactured to fire ammunition at an automatic rate. (*See* PSR ¶ 3, 26-33, 48-50.) These firearms pose a substantial risk to the safety of the community. The defendant is a felon who is prohibited from possessing firearms, yet he was knowingly trafficking illegal firearms to another prohibited person. In addition to the egregious nature of the defendant's firearms trafficking, he also was apparently involved in drug trafficking, to include trafficking fentanyl. On April 20, 2023, Defendant Huntly informed the CI that he could get any type of drug for distribution and that he could sell the CI thousands of fentanyl pills for $3 to $4 per pill. (PSR ¶ 30-31). Base on the circumstances surrounding defendant Huntley's arrest on May 24, 2023, this was no idle boast. When the defendant was arrested on that date, he had 26 blue pills marked as "M30" that tested positive for the presence of fentanyl. (PSR ¶ 49). The defendant also had other items consistent with drug trafficking. Those items included: a digital scale; plastic baggies; two glass charges containing a green leafy substance that tested positive for the presence of THC; the active ingredient in marijuana; and additional pills that are believed to be Alprazolam. (PSR ¶ 48-50). These items corroborate the defendant's admissions to the CI that he was engaged in drug trafficking. As the Court is fully aware, the trafficking of fentanyl is causing a health crisis in the United States and leading to a staggering amount of drug overdoses nationwide. Fentanyl is extremely dangerous and is an addictive poison that is killing Americans at historic rates. "According to the CDC, 107,375 people in the United States died of drug overdoses and drug poisonings in the 12-month period ending in January 2022. A staggering 67 percent of those deaths involved synthetic opioids like fentanyl." *Fentanyl Awareness*,

4

#justKNOW, United States Drug Enforcement Administration, https://www.dea.gov/fentanylawareness.

The fact that the defendant also fled in a vehicle from law enforcement officers recklessly posing a substantial risk of death or serious bodily injury weighs in favor of a sentence near the high end of the Guidelines.

### 2. History and Characteristics of the Defendant.

Huntley has a total history score of four and should be in criminal history category III. While the defendant's criminal history is within the middle category of the sentencing table, there are particularly concerning facts that weigh against a downward variance in this case. Specifically, the defendant's aggravated assault conviction in 2017 is particularly concerning. (PSR ¶ 74). According to the PSR the defendant pointed a firearm at another motorist in Overland Park, Kansas. *Id*.

### 3. Seriousness of the Offense / Promote Respect for the Law / Just Punishment.

As previously discussed when emphasizing the egregious nature of the defendants crimes and relevant conduct, the defendant's misconduct is extremely serious and posed a great danger to the community. Trafficking unregistered machineguns that were manufactured to be only semi-automatic weapons is dangerous for numerous self-evident reasons. When those firearms are distributed to prohibited persons the risk to the community is compounded. Moreover, this defendant was also engaged in trafficking fentanyl which is a well documented epidemic causing countless overdose deaths in the United States. A guidelines sentence near the high end of the applicable Guidelines range would recognize the serious nature of the offense and would promote respect for the law.

### 4. *The Need to Afford Adequate Deterrence.*

Under Section 3553(a), the need for the sentence to "afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(A)(2)(B), must also be considered. In this case, a Guidelines sentence would serve the interests of both specific and general deterrence.

### 5. *Protect the Public from Further Crimes of the Defendant.*

Huntley's firearm and apparent drug trafficking activities impacted the community. Moreover, the defendant has demonstrated that he has a violent past with his prior aggravated assault conviction and he has also demonstrated he is willing to endanger the public by fleeing in a vehicle from law enforcement officials at a high rate of speed. A sentence within the advisory Guidelines range will protect the public from further crimes by the defendant while he is incarcerated.

### E. The Government's Specific Sentencing Recommendation

The Government recommends a sentence of 84 months' imprisonment on Counts One, Nineteen, Twenty-three to run concurrently, three years of supervised release to run concurrently, and a total of $300 in mandatory special assessments. The Government will also request the Court to finalize the preliminary order of forfeiture in the amount of $3,600.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By      */s/ William A. Alford III*

William A. Alford III
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

6

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a copy of the foregoing was delivered on June 26, 2024, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

             */s/ William A. Alford III*
             William A. Alford III
             Assistant United States Attorney