# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

    v.                                    Case No. 23-00111-05-CR-W-BP

FEDO ANTONIA MANNING,

                Defendant.

## GOVERNMENT'S RESPONSE IN OPPPOSITION
## TO DEFENDANT'S MOTION TO RECONSIDER DETENTION ORDER

Comes now the United States of America, by Teresa A. Moore, United States Attorney, and William A. Alford III, Assistant United States Attorney, both for the Western District of Missouri, and hereby moves the Court to deny defendant's "Motion to Reopen Detention Hearing for Reconsideration of Pretrial Release, and Request for Hearing." (Doc. 107.) In support, the Government states as follows:

## PROCEDURAL AND FACTUAL BACKGROUND

1.      On March 11, 2024, the defendant was charged by complaint with one count of conspiracy to traffic firearms, in violation of 18 U.S.C. §§ 933(a)(1), (3), and (b); one count of engaging in firearms sales without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D); and ten counts of making false statements on ATF Form 4473s, in violation of 18 U.S.C. §§ 18 U.S.C. §§ 922(a)(6) and 924(a)(2). (Case No. 24-MJ-0022-WBG, Doc. 1.)

2.      On March 18 and 22, 2024, the Honorable Magistrate Judge W. Gaddy presided over an extensive detention hearing in which he considered the bond report prepared in this case and testimony from Special Agent Steve Lester from the Bureau of Alcohol, Tobacco, Firearms

and Explosives.   The Court also considered support letters provided to it from individuals who support the defendant. After careful consideration of all of the evidence, the Court found: "By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community."   In making this ruling, the Court indicated that it found that the weight of the evidence against the defendant was strong. Further, the Court noted that the evidence indicated that the defendant served as a straw purchaser for 40 firearms, 7 of which had been transferred to a convicted felon and 7 firearms were connected to other criminal investigations.   These firearms included a firearm recovered at the Chiefs Super Bowl parade shooting, an armed robbery investigation, and a homicide investigation.  (Doc. 15.)

3.      On April 2, 2024, a federal grand jury issued a true bill on a superseding indictment that brought the same Complaint charges against the defendant into this case with his co-defendants.

4.      This matter is currently scheduled to go to trial on the joint criminal jury trial docket that begins on October 21, 2024.

## LEGAL AUTHORITY

5.      A detention hearing can be reopened any time before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."   18 U.S.C. § 3142(f)(2).

## **ARGUMENT**

6.      The defendant claims that since he has been detained, he has experienced health related problems such as rashes, a dental malformation with his lower molars, and hypertension. None of these claimed ailments that is arguably new information have "a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community" as required by federal law.   18 U.S.C. § 3142(f)(2).

7.      As previously stated, after considering substantial evidence and taking multiple days to consider its decision, this Court found by "clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community."   Of course, this finding is well founded as the defendant served as a straw purchaser for up to forty firearms and seven of those firearms were connected to criminal investigations.   Moreover, three of the firearms were connected to an armed robbery, the Chiefs Super Bowl Parade shooting, and another homicide.

8.      The claimed ailments that the defendant is currently suffering from, are not material to the Court's finding that the defendant poses a substantial risk to the safety of the community. Accordingly, the defendant does not assert a basis that would permit his release.

9.      The Government is concerned about the defendant's health situation and encourages him to continue to seek medical attention at his confinement facility.

WHEREFORE, based upon the foregoing, as well as the information contained in the Pretrial Services Report, and the Detention Order, and the evidence presented at the detention hearing, the Government respectfully requests that the Court deny the defendant's Motion to Reopen Detention Hearing for Reconsideration of Pretrial Release, and Request for Hearing.   As

the defendant fails to assert how his health ailments are material to the Court's finding that he poses a danger to the community, an additional hearing is not necessary.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By    /s/William A. Alford III

William A. Alford III
Assistant United States Attorney
Violent Crime and Drug Trafficking Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on June 12, 2024, to the CM-ECF system of the United States District Court for the Western District of Missouri for delivery to counsel of record.

/s/William A. Alford III
William A. Alford III
Assistant United States Attorney