# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                         Case No. 23-00111-05-CR-W-BP

FEDO ANTONIA MANNING, (05),

        Defendant.

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1.**   **The Parties.**   The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Jeffrey P. Ray, Acting United States Attorney, and William A. Alford III, Assistant United States Attorney, and the defendant, Fedo Antonia Manning ("the defendant"), represented by Gregory Watt.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

1

**2. Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count One of the Superseding Indictment charging him with a violation of 18 U.S.C. §§ 933(a)(1), (3), and (b), that is, conspiracy to illegally traffic firearms. The defendant also agrees to the imposition of a forfeiture money judgment in an amount to be determined at sentencing based on the proceeds defendant personally obtained as a result of his participation in the firearms trafficking offense. By entering into this plea agreement, the defendant admits that he knowingly committed this offense and is in fact guilty of this offense.

**3. Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which he is pleading guilty and relevant conduct are as follows:

On April 16, 2022, an ATF Confidential Informant (CI#1) was working at an event located at 7148 South Prospect, Kansas City, Missouri, within the Western District of Missouri. The CI observed approximately 40 patrons with firearms. CI#1 contacted a subject known to law enforcement officials and herein after referred to as SUBJECT #1. SUBJECT #1 told CI#1 he could get firearms on a regular basis. This led to multiple controlled firearms purchases of firearms. CI#1 purchased a total of 27 firearms from co-defendants Antonio Manning (hereinafter A. Manning), Dejohuan Huntley (hereinafter Huntley), Sheron Manning (hereinafter S. Manning), Michael Hardy (hereinafter Hardy), SUBJECT #1, and another subject known to law enforcement and hereinafter referred to as SUBJECT #2.

Between approximately May 24, 2022, and April 20, 2023, A. Manning, Huntley, S. Manning, and Hardy confederated and agreed with each other to transfer the below list of firearms to CI#1, who was prohibited from legally possessing firearms as he was previously convicted of an offense punishable by a term of imprisonment in excess of one year.

- A Glock, Model 19, 9mm caliber, handgun, bearing Serial Number BKHR170;

- A Glock, Model 17, 9mm caliber, handgun, bearing Serial Number AARD738;

- A Glock, Model 23, .40 caliber, handgun, bearing Serial Number BUGF363;

- An Anderson Manufacturing, Model AM-15, AR-15 style, multi-caliber, pistol, bearing Serial Number 22022202;

- An Anderson Manufacturing, Model AM-15, AR-15 style, multi-caliber, pistol, bearing Serial Number 22022226;

2

- A Romar/Cugir, Mini Draco, 7.62 x 39 caliber, pistol, bearing Serial Number ROA 22 PG-3659;

- A Century Arms, Model "VSKA," 7.62 x 39 caliber, pistol, bearing Serial Number SV7P008760;

- An Anderson Manufacturing, Model AM-15, AR-15 style, multi-caliber, pistol, bearing Serial Number 22022225;

- An Anderson Manufacturing, Model AM-15, AR-15 style, multi-caliber, pistol, bearing Serial Number 22022215;

- An Anderson Manufacturing, Model AM-15, AR-15 style, multi-caliber, pistol, bearing Serial Number 22021785;

- An Anderson Manufacturing, Model AM-15, AR-15 style, multi-caliber, pistol, bearing Serial Number 21412257;

- An Anderson Manufacturing, Model AM-15, AR-15 style, multi-caliber, pistol, bearing Serial Number 22094913;

- A Glock, Model 22, Model 22, .40 caliber, pistol, bearing Serial Number XCD938;

- A Glock, Model 19, 9mm caliber, pistol, bearing Serial Number BHCR180;

- A Glock, Model 41, .45 caliber, pistol, bearing Serial Number YWE140;

- An Anderson Manufacturing, Model AM-15, AR-15 style, multi-caliber, pistol, bearing an obliterated Serial Number;
-
- An Anderson Manufacturing, Model AM-15, AR-15 style, multi-caliber, pistol, bearing Serial Number 22108192;

- A Glock, Model 22, .40 caliber, pistol, bearing Serial Number BWTM124;

- A Glock, Model 23, .40 caliber, pistol, bearing Serial Number ZLZ965;

- A Glock, Model 19, 9mm caliber, pistol, bearing Serial Number BKPX144;

- A Glock, Model 17, 9mm caliber, pistol, bearing Serial Number BKUB535; and

- A Glock, Model 22, .40 caliber, pistol, bearing Serial Number MYR680.

Between approximately May 24, 2022, and April 20, 2023, CI#1 purchased the above

3

identified firearms during several controlled purchases. Throughout the course of these controlled purchases of firearms, CI#1 informed A. Manning, S. Manning, and Huntley that CI#1 was a convicted felon. Additionally, through the course of this conspiracy, A. Manning, S. Manning, Hardy, and Huntley all sold unregistered machine guns to CI#1. It is a felony for any person to possess an unregistered machine gun.

ATF investigators received the tracing data for all the firearms purchased in the aforementioned indictment and learned that two of the twenty-two firearms were purchased by Fedo Manning, the defendant. Throughout the course of the investigation, law enforcement officials purchased a total of twenty-seven firearms and based on the tracing information Fedo Manning purchased seven of those firearms (the firearms identified in Counts Four, Five, Six, Seven, Eight, Nine and Twelve of the Complaint filed against Fedo Manning.) ATF agents set up an alert for when Fedo Manning's information was run by a Federal Firearms Licensee ("FFL") for the purpose of conducting a firearms background check, also known as a National Instant Criminal Background Check System (hereinafter NICS check). The alerts ran from approximately May 11, 2022, until it expired and was not renewed on or about January 13, 2023. During this time period, Fedo Manning purchased at least forty firearms. Thirty-three of those firearms, or approximately 83% of them, were Anderson Manufacturing, Model AM-15, firearms, all of which were purchased as lower receivers. Fedo Manning also attempted to purchase two more lower receivers that are referred to in this factual basis as Firearms #17 and #18. In accordance with federal law, a receiver is a firearm and is the only controlled component of a firearm. Private citizens who are firearms collectors do not typically purchase the same make and model firearm with no variation for personal use. Purchasing the same type of firearm on multiple occasions is indicative of firearms trafficking. Pursuant to this plea agreement, Fedo Manning agrees and admits that he was purchasing these firearms a "straw purchaser" and he was selling them to his co-defendants knowing full well that they would sell at least a portion of the firearms to persons who were prohibited from possessing firearms. One of the bases that a purchaser would be prohibited from possessing a firearm is because the purchaser had previously been convicted of a felony. In addition to co-conspirators selling some of the firearms to prohibited persons such as felons, the defendant also knew that some of the firearms he was purchasing were earmarked to be converted to fully automatic machineguns. The defendant also knew that it was illegal for his co-conspirators to convert firearms into machine guns that were not registered and at least some of those converted machineguns were sold to third parties.

Fedo Manning is related to both A. Manning and S. Manning. Both A. Manning and S. Manning sold firearms CS#1 on multiple occasions and CS#1 had informed both of them that CS#1 had been convicted of a felony. CS#1 ordered firearms from A. Manning and S. Manning and Fedo Manning purchased some of these firearms in close proximity to when some of these firearms' transactions occurred.

ATF investigators learned, in addition to the seven firearms purchased by Fedo Manning and recovered during the investigation of the above referenced firearm trafficking case (Case No. 4:23-cr-00111-BP), an additional seven firearms that were purchased by Fedo Manning were also recovered during investigations of crimes in the Kansas City metropolitan area. One of

4

those recovered firearms was discovered after the recent shooting that occurred on February 14, 2024, at the celebration of the Kansas City Chiefs Super Bowl victory that occurred at the historical Union Station in Kansas City, Missouri (hereinafter referred to as "Chiefs' Rally"). The details for each recovered firearm are as follows:

## FIREARM #1 RECOVERY

On February 14, 2024, during the Chiefs' Rally, several individuals got into an argument and began shooting. One person was killed, and 22 others were injured by gunfire. Witnesses showed officers where they saw suspects discard several firearms, and where one of the shooting suspects was detained. An Anderson Manufacturing, Model AM-15, .223 caliber pistol, bearing serial number 22022228 (hereinafter **Firearm #1**) was found along the wall with a backpack next to two other AR-15 style firearms with backpacks. **Firearm #1** had one live round in the chamber, 26 live rounds in the magazine, and was in the "fire" position. The magazine is capable of holding 30 live .223 caliber rounds of ammunition.

One of the firearms located next to **Firearm #1** ballistically matched to casings recovered from the scene. Only 22 spent shell casings were recovered after the incident, none of them were .223 caliber casings. Based on the case evidence, Investigators believe 12 individuals brandished firearms during the incident and at least six of them fired their weapons. Many of the spent shell casings were not recovered due to the chaos of the scene as they could have been kicked, stuck in shoes, stuck in ambulance tires, etc. Based on the recovery location of **Firearm #1**, investigators believe it was brandished during the incident and could have fired three or four rounds before it was discarded.

## FIREARM #1 PURCHASE

After receiving trace report (T20240088355) for **Firearm #1**, I reviewed it and learned Fedo Manning purchased it on August 7, 2022, from a federal firearms licensee in Lee's Summit, Missouri. The time that elapsed from when **Firearm #1** was purchased by Fedo Manning to when it was found at the Chiefs' Rally was 556 days.

On February 21, 2024, ATF investigators requested Firearms Transaction Records 4473 forms from multiple FFLs in the Kansas City area for purchases made by Fedo Manning. An FFL in Lee's Summit, Missouri provided the 4473 Form for **Firearm #1**. The 4473 Form shows Fedo Manning purchased the **Firearm #1** receiver and another Anderson Manufacturing, Model AM-15, bearing serial number 22022235 receiver (hereinafter **Firearm #4**, further details below under **Firearm #4**) on August 7, 2022. Fedo Manning used his Missouri Driver's License to facilitate the transaction, which prompted a NICS check. The NICS check was conducted and generated a transaction number 102KRMDV3 resulting in a response of "Proceed." The answer to Question 21a. on the 4473, which asked, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s)."[1] The

---

1Paragraph 21a on the 4473 form has the following warning in bold: "Warning: You are not the actual transferee/buyer if you are acquiring any of the firearm(s) on behalf of another

5

answer to the question was a check mark in the "Yes" column. Fedo Manning listed his address as 4207 Windsor Avenue, Kansas City, Missouri 64123. During the course of this investigation, law enforcement officials surveilled this address and observed Fedo Manning at the address. Pursuant to this plea agreement, Fedo Manning admits that he knowingly made a material false statement on the 4473 Form as he intended to sell the firearm or provide it to a co-conspirator to sell to another person for profit.

<u>**FIREARM #2 RECOVERY**</u>

On December 20, 2023, at approximately 2218 hours, Kansas City, Missouri Police Department (KCMOPD) officers responded to the Fast Stop, located at 5020 Blue Ridge Cutoff, to investigate an armed business robbery. The victim told officers two black males entered the store, armed with a rifle and a handgun, and demanded cash and alcohol. A white Chevrolet Impala, bearing MO license plate EB1T1V, was identified as the suspect vehicle.

On January 31, 2024, at approximately 1000 hours, a search warrant was executed at 1814 E 48th Street where the suspect vehicle was parked. Two subjects were arrested in relation to the robbery. The recovered firearms were a Pioneer Arms, Model HELLPUP, 7.62 x 39 caliber pistol, bearing serial number PAC1176250 (hereinafter **Firearm #2**) and a Glock, Model 19, 9mm pistol; and a Glock, Model 17, 9mm pistol were recovered by law enforcement officials.

<u>**FIREARM #2 NIBIN**</u>

Firearms, when discharged, leave a unique "signature" or "impression" on expelled shell casings or projectiles (bullets). These impressions are now routinely being recorded, documented, and entered into a digitized database that can be used to help investigators track a specific firearm's route of travel, activity the firearm was involved in, and provide investigative leads that may assist in solving crimes. The database is referred to as National Integrated Ballistic Information Network (NIBIN). After the recovery of **Firearm #2**, law enforcement officials test-fired it. The shell casings from the test fires were submitted for NIBIN analysis. The NIBIN comparative analysis showed two presumptive investigative leads. The casings showed a link from a test fired shell casing to a cartridge casing recovered by the Kansas City, Missouri Police Department in Case Number KC23038805. That case involved an aggravated assault that occurred on June 17, 2023. **Firearm #2** was also linked to Kansas City, Kansas Police Department (KCK) Case Number 2023-037770. That case involved an investigation of a shots fired call that occurred on April 19, 2023.

<u>**FIREARM #2 PURCHASE**</u>

After receiving trace report (T20240058594) for **Firearm #2**, Special Agent ("SA") Steven Lester reviewed it and learned that Fedo Manning purchased it on July 23, 2022, from an FFL during a gun show in Independence, Missouri. The time that elapsed from when **Firearm #2**

---

person. If you are not the actual transferee/buyer, the licensee cannot transfer any of the firearm(s) to you." This warning is on every 4473 referenced in this Affidavit.

was purchased by Fedo Manning and the first investigated shooting involving the same firearm was 557 days.

SA Lester obtained the 4473 Form from the pertinent FFL, and it showed that Fedo Manning purchased **Firearm #2** from the FFL on July 23, 2022. Fedo Manning listed 4207 Windsor Avenue, Kansas City, Missouri 64123 as his address on the form. Fedo Manning answered, "Yes" to Question 21a., affirming he was the actual transferee/buyer of **Firearm #2**. Fedo Manning used his Missouri Driver's License (DL #D203080015) to facilitate the transaction, which prompted a NICS check. The NICS check was conducted and generated a transaction number 102K87WGB resulting in a response of "Proceed." Pursuant to this plea agreement, Fedo Manning admits that he knowingly made a material false statement on the 4473 Form as he intended to sell the firearm or provide it to a co-conspirator to sell to another person for profit.

### FIREARM #3 RECOVERY

On June 26, 2023, Columbia, Missouri Police Department recovered an Anderson Manufacturing, Model AM-15, multi-caliber pistol, bearing serial number 21404492 (hereinafter **Firearm #3**) in a wooded area near 3800 W. Gibbs Road., Columbia, Missouri. This case is a homicide investigation,

### FIREARM #3 PURCHASE

After receiving trace report (T20230368682) for **Firearm #3**, SA Lester reviewed it and learned Fedo Manning purchased **Firearm #3** on May 26, 2022, from a pawn shop in Kansas City, Missouri. The time that elapsed from when **Firearm #3** was purchased by Fedo Manning to the suspected homicide was 396 days.

SA Lester obtained the 4473 Form from the pawn shop, and it showed that Fedo Manning purchased the receiver for **Firearm #3** and two additional Anderson Manufacturing, AM-15 receivers, one bearing serial number 21404462 (hereinafter **Firearm #9**, further details below under **Firearm #9**) and the other bearing serial number 21404472 (hereinafter **Firearm #10**, further details below under **Firearm #10**) from the FFL pawn shop on May 26, 2022. Fedo Manning listed 4207 Windsor Avenue, Kansas City, Missouri 64123, as his address of the form. Fedo Manning answered, "Yes" to Question 21a., affirming he was the actual transferee/buyer of **Firearm #2**. Fedo Manning used his Missouri Driver's License to facilitate the transaction, which prompted a NICS check. The NICS check was conducted and generated transaction number 102HB3TJM and a response of "Proceed." Pursuant to this plea agreement, Fedo Manning admits that he knowingly made a material false statement on the 4473 Form as he intended to sell the firearm or provide it to a co-conspirator to sell to another person for profit.

### FIREARM #4 RECOVERY

On May 18, 2023, KCMOPD officers responded to an armed robbery. The victim stated he was approached by two unknown black males who pointed handguns at him and demanded his white 2014 Jeep Grand Cherokee. The next day, KCMOPD officers located the carjacked Jeep

7

at 5245 Prospect Avenue and the driver, the sole occupant, of the stolen vehicle ran from officers. Shortly after fleeing the vehicle, the suspect was apprehended at 5326 Agnes Avenue, Kansas City, Missouri. During a search of the stolen vehicle, officers recovered **Firearm #4**.

### FIREARM #4 PURCHASE

After receiving trace report (T20230260231) for **Firearm #4**, SA Lester reviewed it and learned Fedo Manning purchased **Firearm #4** on August 7, 2022, from an FFL in Lee's Summit, Missouri. The time that elapsed when **Firearm #4** was purchased by Fedo Manning to the aforementioned robbery was 285 days.

SA Lester obtained the 4473 Form from the aforementioned FFL, and it showed Fedo Manning purchased the **Firearm #1** receiver and the **Firearm #4** receiver on August 7, 2022. Fedo Manning used his Missouri Driver's License to facilitate the transaction, which prompted a NICS check. The NICS check was conducted and generated a transaction number 102KRMDV3 resulting in a response of "Proceed." The answer to Question 21a. on the 4473, which asked, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s)." The answer to the question was a check mark in the "Yes" column. Pursuant to this plea agreement, Fedo Manning admits that he knowingly made a material false statement on the 4473 Form as he intended to sell the firearm or provide it to a co-conspirator to sell to another person for profit.

### FIREARM #5-11

Between May 2022 and April 2023, during the previously discussed ATF investigation, CI#1 purchased 27 firearms from defendants in this case, Case Number 4:23-cr-00111-BP, and other uncharged subjects. Seven of those firearms were originally purchased by Fedo Manning. The firearms originally purchased by Fedo Manning are as follows.

    a. **Firearm #5**:

        i. **Firearm #5 Recovery:** On April 6, 2023, CI#1 purchased an Anderson Manufacturing, Model AM-15, 5.56, bearing serial number 22108192 (hereinafter **Firearm #5**) from co-defendant Sheron Manning.

        ii. **Firearm #5 Purchase**: After receiving trace report (T20230176520) for **Firearm #5**, SA Lester learned Fedo Manning purchased **Firearm #5** on January 13, 2023, from an FFL in Kansas City, Missouri. The time that elapsed from when **Firearm #5** was purchased by **FEDO MANNING** to when CI#1 purchased the firearm was 83 days. This is a very short time period and is indicative of straw purchasing and firearms trafficking activity.

8

iii. SA Lester obtained the 4473 Form obtained from the FFL and it shows Fedo Manning purchased the **Firearm #5** receiver and another Anderson Manufacturing, Model AM-15 receiver, bearing serial number 22108194 (hereinafter **Firearm #16**, not yet recovered) receiver that was purchased on August 7, 2022. Fedo Manning used his Missouri Driver's License to facilitate the transaction, which prompted a NICS check. The NICS check was conducted and generated a transaction number 102S9MTVL resulting in a response of "Proceed." The answer to Question 21a. on the 4473, which asked, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s)." The answer to the question was a check mark in the "Yes" column. Pursuant to this plea agreement, Fedo Manning admits that he knowingly made a material false statement on the 4473 Form as he intended to sell the firearm or provide it to a co-conspirator to sell to another person for profit.

b. <u>**Firearm #6:**</u>

i. **Firearm #6 Recovery:** On August 11, 2022, CI #1 purchased an Anderson Manufacturing, Model AM-15, Multi caliber, bearing serial number 22022225 (hereinafter **Firearm #6**) from co-defendant Antonio Manning.

ii. **Firearm #6 Purchase:** After receiving trace report (T20220400441) for **Firearm #6**, SA Lester reviewed it and learned Fedo Manning purchased **Firearm #6** on July 19, 2022, from an FFL in Lee's Summit, Missouri. The time that elapsed from when **Firearm #6** was purchased by Fedo Manning to when it was sold to CI#1 was 23 days.

iii. SA Lester obtained the 4473 Form from the FFL. It shows Fedo Manning purchased the **Firearm #6** receiver and three other Anderson Manufacturing, Model AM-15 receivers. One bears serial number 22022793 (hereinafter **Firearm #28**, not yet recovered); one bears serial number 22022785 (hereinafter **Firearm #29**, not yet recovered); and one bears serial number 22022776 (hereinafter **Firearm #30**). These firearms were purchased on July 19, 2022. Fedo Manning used his Missouri Driver's License to facilitate the transaction, which prompted a NICS check. The NICS check was conducted and generated a transaction number 102259MTVL resulting in a response of "Proceed." SA Lester also reviewed the answer to Question 21a. on the 4473, which asked, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s)."

9

The answer to the question was a check mark in the "Yes" column. Pursuant to this plea agreement, Fedo Manning admits that he knowingly made a material false statement on the 4473 Form as he intended to sell the firearm or provide it to a co-conspirator to sell to another person for profit.

c. **Firearms #7-9:**

   i. **Firearm #7-9 Recovery:** On June 14, 2022, CI#1 purchased three firearms from a subject known to investigators and co-defendant Antonio Manning. The firearms were: a Glock, Model 48, 9mm, bearing serial number BWMK796 (**Firearm #7**); an Anderson Manufacturing, Model AM-15, Multi caliber, bearing serial number 22023357 (**Firearm #8**); and an Anderson Manufacturing, Model AM-15, Multi caliber, bearing serial number 21404462 (**Firearm #9**).

   ii. **Firearm #7** and **Firearm #8 Purchase:** After receiving trace report (T20220294267 and T20220294266) for **Firearm #7** and **#8** respectively, SA Lester reviewed them and learned Fedo Manning purchased **Firearm #7** and **Firearm #8** on May 22, 2022, from an FFL in Lee's Summit, Missouri. The time that elapsed when **Firearm #7** and **Firearm #8** were purchased by Fedo Manning to when CI#1 purchased them was 23 days.

   iii. SA Lester obtained a 4473 form from the FFL. It shows Fedo Manning purchased the **Firearm #7** receiver and the **Firearm #8** receiver on May 22, 2022. Fedo Manning used his Missouri Driver's License to facilitate the transaction, which prompted a NICS check. The NICS check was conducted and generated a transaction number 102H6HWV6 resulting in a response of "Proceed." The answer to Question 21a. on the 4473, which asked, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s)." The answer to the question was a check mark in the "Yes" column. Pursuant to this plea agreement, Fedo Manning admits that he knowingly made a material false statement on the 4473 Form as he intended to sell the firearm or provide it to a co-conspirator to sell to another person for profit.

   iv. **Firearm #9 Purchase:** After receiving trace report (T20220294265) for **Firearm #9**, SA Lester reviewed it and learned Fedo Manning purchased **Firearm #9** on May 26, 2022, from an FFL located in Kansas City, Missouri. The time that

10

elapsed when **Firearm #9** was purchased by Fedo Manning to when CI#1 purchased the firearm was 23 days.

    v. As stated under the purchase of **Firearm #3**, SA Lester obtained the 4473 form from the FFL and it showed that Fedo Manning purchased the receiver for **Firearm #3**, the receiver for **Firearm #9** and the receiver for **Firearm #10** (further details below under **Firearm #10**) from the FFL on May 26, 2022. Fedo Manning listed 4207 Windsor Avenue, Kansas City, Missouri 64123, as his address of the form. Fedo Manning answered, "Yes" to Question 21a., affirming he was the actual transferee/buyer of **Firearm #9**. Fedo Manning used his Missouri Driver's License to facilitate the transaction, which prompted a NICS check. The NICS check was conducted and generated a transaction number 102HB3TJM resulting in a response of "Proceed." Pursuant to this plea agreement, Fedo Manning admits that he knowingly made material false statements on the 4473 Form as he intended to sell the firearm or provide it to a co-conspirator to sell to another person for profit.

    d. **Firearm #10:**

        i. **Firearm #10 Recovery:** On June 3, 2022, CI#1 purchased an Anderson Manufacturing, Model AM-15, 5.56 caliber, S/N 21404472 (**Firearm #10**) from a subject known to law enforcement officials.

        ii. **Firearm #10 Purchase:** After receiving trace report (T20220277723) for **Firearm #10**, SA Lester reviewed it and learned Fedo Manning purchased **Firearm #10** on May 26, 2022, from an FFL in Kansas City, Missouri. The time from when **Firearm #10** was purchased by Fedo Manning, to the controlled buy with CI#1, was eight days.

        iii. As stated under the purchase of **Firearm #3** and **Firearm #9**, the 4473 form from the FFL showed that Fedo Manning purchased the receiver for **Firearm #3**, the receiver for **Firearm #9** and the receiver for **Firearm #10** from the FFL on May 26, 2022. Fedo Manning listed 4207 Windsor Avenue, Kansas City, Missouri 64123, as his address of the form. Fedo Manning answered, "Yes" to Question 21a., affirming he was the actual transferee/buyer of **Firearm #10.** Fedo Manning used his Missouri Driver's License to facilitate the transaction, which prompted a NICS check. The NICS check was conducted and generated a transaction number

11

102HB3TJM resulting in a response of "Proceed." Pursuant to this plea agreement, Fedo Manning admits that he knowingly made a material false statement on the 4473 Form as he intended to sell the firearm or provide it to a co-conspirator to sell to another person for profit.

e. **Firearm #11:**

    i. **Firearm #11 Recovery:** On May 25, 2022, CI#1 purchased an Anderson Manufacturing, Model AM-15, 5.56 caliber, S/N 22023366 (**Firearm #11**) from a subject known to law enforcement officials.

    ii. **Firearm #11 Purchase:** After receiving trace report (T20220259238) for **Firearm #11**, SA Lester reviewed it and learned Fedo Manning purchased **Firearm #11** on May 11, 2022, from an FFL in Lee's Summit, Missouri. The time that elapsed from when **Firearm #11** was purchased by Fedo Manning to when it was sold to CI#1, was 14 days.

    iii. SA Lester obtained a 4473 form from the FFL. It shows Fedo Manning purchased the **Firearm #11** receiver and two other Anderson Manufacturing, Model AM-15 receivers, bearing serial number 22023369 (hereinafter **Firearm #40**, not yet recovered) and a receiver, bearing serial number 22023385 (hereinafter **Firearm #41**, not yet recovered) on May 11, 2022. Fedo Manning used his Missouri Driver's License to facilitate the transaction, which prompted a NICS check. The NICS check was conducted and generated a transaction number 102GW404Z resulting in a response of "Proceed." The answer to Question 21a. on the 4473, which asked, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s)." The answer to the question was a check mark in the "Yes" column. Pursuant to this plea agreement, Fedo Manning admits that he knowingly made a material false statement on the 4473 Form as he intended to sell the firearm or provide it to a co-conspirator to sell to another person for profit.

## FIREARM #12 RECOVERY

On March 3, 2023, Kansas City, Kansas Police Department (KCK) officers recovered an Anderson Manufacturing, Model AM-15, .223 caliber pistol, bearing serial number 22023353 (hereinafter **Firearm #12**) from a subject known to law enforcement officials. The subject's criminal history search showed an alert for "Criminal Gang Member" and identified the subject

12

as a member of "WESTSIDE 18TH STREET MALANDROS (18TH STREET) GANG MEMBER."

### FIREARM #12 PURCHASE

After receiving trace report (T20230150951) for **Firearm #12**, SA Lester reviewed it and learned Fedo Manning purchased **Firearm #12** on May 21, 2022, from an FFL in Lee's Summit, Missouri. The time that elapsed from when **Firearm #12** was purchased by Fedo Manning to when it was recovered in the subject's possession was 286 days.

SA Lester obtained 4473 Forms from the FFL, and they showed that Fedo Manning purchased the receiver for **Firearm #12** and one additional Anderson Manufacturing, AM-15 receiver, bearing serial number 22023396 (hereinafter **Firearm #39**, not yet recovered) from the FFL on May 21, 2022. Fedo Manning answered, "Yes" to Question 21a., affirming he was the actual transferee/buyer of **Firearm #12**. Fedo Manning used his Missouri Driver's to facilitate the transaction, which prompted a NICS check. The NICS check was conducted and generated a transaction number 102H5RWB7 resulting in a response of "Proceed." Fedo Manning admits that he knowingly made a material false statement on the 4473 Form as he intended to sell the firearm or provide it to a co-conspirator to sell to another person for profit.

### FIREARM #13 RECOVERY

On January 25, 2023, KCMOPD officers responded to 3923 Forest Avenue, Kansas City, Missouri, to an armed party call. A known minor, who was 17 at the time and unable to legally possess a firearm, was taken into custody. The homeowner gave officers permission to search the residence for the firearm and officers recovered an Anderson Manufacturing, Model AM-15, multi-caliber pistol, bearing serial number 22031006 (hereinafter **Firearm #13**) from the attic, where the minor was hiding before the minor was arrested. The minor was arrested for Tampering with a Motor Vehicle, since the vehicle he drove to the residence was reported as stolen from Gladstone, Missouri. The minor later became the victim of a homicide on November 13, 2023.

### FIREARM #13 PURCHASE

After receiving trace report (T20230264580) for **Firearm #13**, SA Lester reviewed it and learned Fedo Manning purchased **Firearm #13** on July 23, 2022, from an FFL at a gun show in Independence, Missouri. This was the same gun show where Fedo Manning purchased **Firearm #2**. The time that elapsed from when **Firearm #13** was purchased by Fedo Manning to when it was recovered in the minor's possession was 186 days. Juveniles commonly ask other young adults to straw purchase firearms for them because they are unable to legally purchase firearms from FFLs them themselves.

The 4473 form from the FFL showed that Fedo Manning purchased the receiver for **Firearm #13** , two other Anderson Manufacturing, Model AM-15 receivers, one bearing serial number 22031021 (hereinafter **Firearm #22**, which has not been recovered yet) and one bearing serial

13

number 22031010 (hereinafter **Firearm #23**, which has not been recovered yet), and a Glock, Model 19X, 9mm pistol, bearing serial number BWZS217 (hereinafter **Firearm #24**, which has not been recovered yet) from the FFL on July 23, 2022. Fedo Manning answered, "Yes" to Question 21a., affirming he was the actual transferee/buyer of **Firearm #13**. FEDO MANNING used his Missouri Driver's License to facilitate the transaction, which prompted a NICS check. The NICS check was conducted and generated a transaction number 102K89329 resulting in a response of "Proceed." Fedo Manning admits that he knowingly made a material false statement on the 4473 Form as he intended to sell the firearm or provide it to a co-conspirator to sell to another person for profit.

### FIREARM #14 RECOVERY

On October 10, 2022, KCMOPD officers responded to a residence located at 3411 Morrell Avenue, Kansas City, Missouri, to investigate a reported disturbance. Officers observed a minor on top of a vehicle and took him into custody. The calling party stated the minor had been suspended from school and returned home with a bag that the reporting party later overheard the minor telling someone that he had a firearm. The calling party searched the minor's room and located a Glock, Model 21, .45 caliber pistol, bearing serial number AGWH381 (hereinafter **Firearm #14**).

### FIREARM #14 PURCHASE

After receiving a trace report (T20220501215) for **Firearm #14**, SA Lester reviewed it and learned Fedo Manning purchased **Firearm #14** on September 20, 2022, from an FFL in Lee's Summit, Missouri. The time that elapsed from when **Firearm #14** was purchased by Fedo Manning to when it was recovered was 18 days.

SA Lester obtained the 4473 Form from the FFL that it showed that Fedo Manning purchased the receiver for **Firearm #14** from the FFL on September 20, 2022. Fedo Manning answered, "Yes" to Question 21a., affirming he was the actual transferee/buyer of **Firearm #14**. Fedo Manning used his Missouri Driver's License to facilitate the transaction, which prompted a NICS check. The NICS check was conducted and generated a transaction number 102M77ZMZ resulting in a response of "Proceed." Fedo Manning admits that he knowingly made a material false statement on the 4473 Form as he intended to sell the firearm or provide it to a co-conspirator to sell to another person for profit.

### FIREARM #15 RECOVERY

On August 27, 2022, KCMOPD officers responded to an injury accident. Upon arrival, the driver, a subject known to law enforcement officials, was in the vehicle and unable to give a statement. During an inventory of the vehicle prior to towing it, an Anderson Manufacturing, Model AM-15, 300 caliber rifle, bearing serial number 22022238 (hereinafter **Firearm #15**) was recovered. A check of the subject's criminal history shows that in October 2019, he was arrested for assault. In October 2021, the subject received a Suspended Imposition of Sentence (SIS) for unlawful use of a weapon.

14

## FIREARM #15 PURCHASE

After receiving trace report (T20220426939) for **Firearm #15**, SA Lester reviewed it and learned Fedo Manning purchased **Firearm #15** on July 1, 2022, from an FFL in Lee's Summit, Missouri. The time that elapsed from when **Firearm #15** was purchased by Fedo Manning to when it was recovered in aforementioned subject's possession was 57 days.

The 4473 from the FFL showed that Fedo Manning purchased the receiver for **Firearm #15** and two additional Anderson Manufacturing, AM-15 receivers, bearing serial number 22022230 (hereinafter **Firearm #32**, not yet recovered) and one bearing serial number 22022219 (hereinafter **Firearm #33**, not yet recovered) from the FFL on July 1, 2022. Fedo Manning answered, "Yes" to Question 21a., affirming he was the actual transferee/buyer of **Firearm #15**. Fedo Manning used his Missouri Driver's License to facilitate the transaction, which prompted a NICS check. The NICS check was conducted and generated a transaction number 102JK6R1Z resulting in a response of "Proceed." Fedo Manning admits that he knowingly made a material false statement on the 4473 Form as he intended to sell the firearm or provide it to a co-conspirator to sell to another person for profit.

## FEDO MANNING FIREARMS PURCHASED BY DATE

Fedo Manning purchased or attempted to purchase the following firearms:

a. **January 13, 2023:**

    i. Location: An FFL in Kansas City, Missouri.

    ii. Firearms:

- Anderson Manufacturing receiver, Model AM-15, bearing serial number 22108192 (**Firearm #5**);

- Anderson Manufacturing receiver, model AM-15, bearing serial number 22108194 (**Firearm #16**, not recovered).

b. **November 26, 2022:**

    i. Location: A gun show in Kansas City, Missouri.

    ii. Firearms Fedo Manning attempted to purchase, but was not approved:

- Anderson Manufacturing, Model AM-15, bearing serial number 20220916 (**Firearm #17**, not purchased);

15

- Anderson Manufacturing, Model AM-15, bearing serial number 20220940 (**Firearm #18**, not purchased).

   iii. Based on information uncovered during the investigation, SA Lester learned that Fedo Manning received a delay notice on the firearms and Fedo Manning elected to cancel the transactions.

c. **October 22, 2022:**

   i. Location: An FFL in Lee's Summit, Missouri.

   ii. Firearms:

- Anderson Manufacturing, model AM-15, bearing serial number 22025205 (**Firearm #19**, not recovered);

- Anderson Manufacturing, model AM-15, bearing serial number 22025206 (**Firearm #20**, not recovered).

d. **September 22, 2022:**

   i. Location: An FFL in Lee's Summit, Missouri.

   ii. Firearm:

- Glock, Model 21 .45 caliber pistol, bearing serial number AGWH381 (**Firearm #14**).

e. **August 22, 2022:**

   i. Location: An FFL in Kansas City, Missouri.

   ii. Firearm:

- Anderson Manufacturing, model AM-15, bearing serial number 21404474 (**Firearm #21**, not recovered).

f. **August 7, 2022:**

   i. Location: An FFL in Kansas City, Missouri.

   ii. Firearms:

- Anderson Manufacturing, model AM-15 bearing serial number 22022228 (**Firearm #1**);

16

- Anderson Manufacturing, model AM-15, bearing serial number 22022235 (**Firearm #4**).

g. **July 24, 2022:**

   i. Location: A gun show in Independence, Missouri.

   ii. Firearms:

- Anderson Manufacturing, Model AM-15, bearing serial number 22015919 (**Firearm #42**)

h. **July 23, 2022:**

   i. Location: A gun show in Independence, Missouri.

   ii. Firearm:

- Pioneer, model HELLPUP, bearing serial number PAC1176250 (**Firearm #2**).

- Anderson Manufacturing, Model AM-15, bearing serial number 22031006 (**Firearm #13**);

- Anderson Manufacturing, Model AM-15, bearing serial number 22031021 (**Firearm #22**, not recovered);

- Anderson Manufacturing, Model AM-15, bearing serial number 22031010 (**Firearm #23**, not recovered);

- Glock, Model 19x, bearing serial number BWZS217 (**Firearm #24**, not recovered).

i. **July 22, 2022:**

   i. Location: An FFL in Kansas City, Missouri.

   ii. Firearms:

- Anderson Manufacturing, Model AM-15, bearing serial number 21404464 (**Firearm # 25**, not recovered);

- Glock, model 30, .45 caliber pistol, bearing serial number BVVR048 (**Firearm #26**, not recovered).

17

iii. Location: An FFL in Independence, Missouri.

iv. Firearm:

- Glock, model 22, .40 caliber pistol, bearing serial number BUWG486 (**Firearm #27**, not recovered).

v. Purchasing two handguns at the same time from the same store would generate a multiple sale[2], thus purchasing the two Glock handguns from two different stores, Fedo Manning was able to circumvent the multiple sale.

j. **July 19, 2022:**

i. Location: An FFL in Lee's Summit, MO 64064.

ii. Firearms:

- Anderson Manufacturing, Model AM-15, SN: 22022225 (**Firearm #6**);

- Anderson Manufacturing, Model AM-15, SN: 22022793 (**Firearm #28**);

- Anderson Manufacturing, Model AM-15, SN: 22022785 (**Firearm #29**);

- Anderson Manufacturing, Model AM-15, SN: 22022776 (**Firearm #30**).

iii. Location: An FFL in Independence, Missouri.

iv. Firearm:

---

2The Gun Control Act (GCA) of 1968 requires federal firearms licensees (FFLs) to send a report, by filling out three copies of the ATF Form 3310.4, Report of Multiple Sale or Other Disposition of Pistols and Revolvers, when there is a sale of two or more handguns if they occur at the same time or within five consecutive business days of each other. Once copy is sent the ATF National Tracing Center, one copy is sent to the Chief Local Law Enforcement Official, and one form is attached to the ATF Form 4473. ATF uses the information gathered from multiple sales transactions to investigate possible firearms trafficking cases. If one or more firearms recovered from a crime are part of a multiple purchase, this could be an indicator of potential firearms trafficking. Crime guns recovered shortly after a multiple sale is known as a short time-to-crime ratio.

- American Tactical, Omni-Hybrid, .556 caliber pistol, SN: NS111029 (**Firearm #31**, not recovered).

k. **July 1, 2022:**

    i. Location: An FFL in Lee's Summit, Missouri.

    ii. Firearms:

- Anderson Manufacturing, model AM-15, SN: 22022238 (**Firearm #15**);

- Anderson Manufacturing, model AM-15, SN: 22022230 (**Firearm #32**, not recovered);

- Anderson Manufacturing, model AM-15, SN: 22022219 (**Firearm #33**, not recovered).

l. **June 18, 2022:**

    i. Location: An FFL in Lee's Summit, Missouri.

    ii. Firearms:

- Anderson Manufacturing, Model AM-15, SN: 22022792 (**Firearm #34**, not recovered);

- Anderson Manufacturing, Model AM-15, SN: 22022446 (**Firearm #35**, not recovered).

m. **June 15, 2022:**

    i. Location: An FFL in Lee's Summit, Missouri.

    ii. Firearms:

- Anderson Manufacturing, model AM-15, SN: 22022401 (**Firearm #36**, not recovered);

- Anderson Manufacturing, model AM-15, SN: 22023382 (**Firearm #37**, not recovered);

- Anderson Manufacturing, model AM-15, SN: 22022407 (**Firearm #38**, not recovered).

19

n. **May 26, 2022:**

    i. Location: An FFL in Kansas City, Missouri.

    ii. Firearms:

- Anderson Manufacturing, Model AM-15, SN: 21404492 (**Firearm #3**);

- Anderson Manufacturing, Model AM-15, SN: 21404462 (**Firearm #9**);

- Anderson Manufacturing, Model AM-15, SN: 21404472 (**Firearm #10**).

o. **May 22, 2022:**

    i. Location: An FFL in Lee's Summit, Missouri.

    ii. Firearms:

- Anderson Manufacturing, Model AM-15, SN: 22023357 (**Firearm #8**);

- Glock, Model 48, 9mm pistol, SN: BWMK796 (**Firearm #7**).

p. **May 21, 2022:**

    i. Location: An FFL in Lee's Summit, Missouri.

    ii. Firearms:

- Anderson Manufacturing, model AM-15, SN: 22023353 (**Firearm #12**);

- Anderson Manufacturing, model AM-15, SN: 22023396 (**Firearm #39**, not recovered).

q. **May 11, 2022:**

    i. Location: An FFL in Lee's Summit, Missouri.

ii. Firearms:

- Anderson Manufacturing, model AM-15, SN: 22023366 (**Firearm #11**);

- Anderson Manufacturing, model AM-15, SN: 22023369 (**Firearm #40**, not recovered);

- Anderson Manufacturing, model AM-15, SN: 22023385 (**Firearm #41**, not recovered).

## ADDITIONAL INFORMATION

On February 27, 2024, ATF Intelligence Research Specialist Steve Meintz conducted a query of Fedo Manning through the ATF Federal Licensing System. The query showed that Fedo Manning does not possess any ATF Licenses to engage in the business of selling firearms. In other words, Fedo Manning is not an FFL and, accordingly, he cannot legally engage in a firearms trafficking business for profit.

Fedo Manning's firearm purchases constituted straw purchasing. In other words, Fedo Manning admits that he agreed with others to purchase firearms so that those firearms could be trafficked to others for profit. Fedo Manning also admits that he knew that several of the firearms that he sold were going to be sold to persons prohibited from possessing firearms or that some of the firearms would be converted into machine guns and that those firearms would also be illegally sold to buyers for profit. SA Lester discovered that Fedo Manning has purchased at least 33 Anderson Manufacturing, AM-15 receivers during an approximate nine-month period. Many of those Anderson Manufacturing receivers were purchased at the same time. Fifteen of the firearms purchased by Fedo Manning were recovered by law enforcement officials in the possession of individuals other than Fedo Manning. Also, several individuals who possessed these firearms possessed by Fedo Manning were legally prohibited from knowingly possessing firearms.

Counts Eighteen through Twenty-seven refer to specific firearms that were purchased by Fedo Manning from FFLs. In each of these sales, Fedo Manning represented that he was the actual buyer of the firearm, but in fact these firearms were transferred to other persons shortly after Fedo Manning purchased them as evinced by the fact that law enforcement officials recovered them from other persons. Below is a table describing each firearm that also refers to the firearm number that is identified for each firearm in this prosecution memorandum.

| **Count** | **Date** | **Dealer** | **Firearms** | **Firearm #** |
|---|---|---|---|---|
| **18** | 5/11/2022 | FFL #1, Lee's Summit, Missouri | Anderson Manufacturing, Model AM-15 receiver, Multi | |

21

| | | | caliber, bearing serial number 22023366 | Firearm #11 |
|---|---|---|---|---|
| 19 | 5/21/2022 | FFL #1, Lee's Summit, Missouri | Anderson Manufacturing, Model AM-15 receiver, .223 caliber pistol, bearing serial number 22023353 | Firearm #12 |
| 20 | 5/22/2022 | FFL #1, Lee's Summit, Missouri | Glock, Model 48, 9mm pistol, bearing serial number BWMK796 | Firearm #7 |
| 21 | 5/22/2022 | FFL #1, Lee's Summit, Missouri | Anderson Manufacturing, Model AM-15 receiver, Multi caliber, bearing serial number 22023357 | Firearm #8 |
| 22 | 5/26/2022 | FFL #2, Kansas City, Missouri | Anderson Manufacturing, AM-15 receiver, bearing serial number 21404462 | Firearm #9 |
| 23 | 5/26/2022 | FFL #2, Kansas City, Missouri | Anderson Manufacturing, AM-15 receiver, bearing serial number 21404472 | Firearm #10 |
| 24 | 7/19/2022 | FFL #1, Lee's Summit, Missouri | Anderson Manufacturing, Model AM-15 receiver, Multi caliber, bearing serial number 22022225 | Firearm #6 |
| 25 | 8/7/2022 | FFL #1, Lee's Summit, Missouri | Anderson Manufacturing, Model AM-15 receiver, bearing serial number 22022235 | Firearm #4 |
| 26 | 8/7/2022 | FFL #1, Lee's Summit, Missouri | Anderson Manufacturing, Model AM-15 receiver, .223 caliber pistol, bearing serial number 22022228 | Firearm #1 |

| 27 | 1/13/2023 | FFL #2, Kansas City, Missouri | Anderson Manufacturing, Model AM-15 receiver, 5.56 caliber, bearing serial number 22108192 | Firearm #5 |

   4.   **Use of Factual Admissions and Relevant Conduct.**   The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2).   The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge[s] to which he is pleading guilty.

   5.   **Statutory Penalties.**   The defendant understands that upon his plea of guilty to Count One of the Superseding Indictment charging him with conspiracy to illegally traffic firearms to prohibited persons, the maximum penalty the Court may impose is not more than fifteen (15) years of imprisonment, a $250,000 fine, three years of supervised release, an order of restitution and a $100 mandatory special assessment per felony count of conviction which must be paid in full at the time of sentencing.   The defendant further understands that this offense is a Class C felony.

   6.   **Sentencing Procedures.**   The defendant acknowledges, understands and agrees to the following:

      a.  in determining the appropriate sentence, the Court will consult and consider   the   United   States   Sentencing   Guidelines   promulgated   by   the

23

United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to three years; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed;

d. if the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to two years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed three years, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

f. any sentence of imprisonment imposed by the Court will not allow for parole;

g. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office; and

h. the defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court.

i. The defendant agrees that the United States may institute civil, judicial or administrative forfeiture proceedings against all forfeitable assets in which the defendant has an interest, and that he will not contest any such forfeiture proceedings.

j. The defendant agrees to fully and truthfully disclose the existence, nature and location of all assets forfeitable to the United States, either directly or as a substitute asset, in which he, his co-defendants and his co-conspirators have or had any direct or indirect financial interest, or exercise or exercised control, directly or indirectly, during the period from May 11, 2022, to the present. The

24

defendant also agrees to fully and completely assist the United States in the recovery and forfeiture of all such forfeitable assets. The defendant waives any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

k. The defendant agrees to take all necessary steps to comply with the forfeiture matters set forth herein before his sentencing.

l. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that the United States will use the financial information when making its recommendation to the Court regarding the defendant's acceptance of responsibility.

m. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of forfeitable assets and restitution.

7. **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to his involvement in the unlawful trafficking of firearms for which it has venue, and which arose out of the defendant's conduct described above. Additionally, the United States Attorney for the Western District of Missouri agrees to dismiss Counts Two, and Eighteen through Twenty-Seven at sentencing.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any

25

criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

**8.** **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count[s] to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and

26

the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea[s] of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

   a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

   b. The defendant has admitted his guilt and clearly accepted responsibility for his actions and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, he is entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty pleas, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

27

c.    The parties do not have any other Guidelines computation agreements relating to the applicable base offense level, offense level enhancements, or offense level reductions. The parties reserve their rights to advocate for or object to any Guidelines computations in this case;

d.    There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine his applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

e.    The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels.    Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

f.    The United States agrees not to seek an upward variance or an upward departure from the Guidelines range deemed applicable by the Court. The defendant may seek a downward variance or a downward departure from the Guidelines range deemed applicable by the Court. This agreement by the parties is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable";

g.    The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum.    The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed and waives any right to have those facts alleged in the indictment.    The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay;

h.    The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement.

28

**11.** **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12.** **Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13.** **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

    a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b. comment on the evidence supporting the charges in the Superseding Indictment;

    c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

    d. oppose any post-conviction motions for reduction of sentence, or other relief.

29

**14.** **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

      a.   the right to plead not guilty and to persist in a plea of not guilty;

      b.   the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

      c.   the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

      d.   the right to confront and cross-examine the witnesses who testify against him;

      e.   the right to compel or subpoena witnesses to appear on his behalf; and

      f.   the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

**15.** **Waiver of Appellate and Post-Conviction Rights.**

      a.   The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

**16.** **Financial Obligations.** By entering into this plea agreement, the defendant represents that he understands and agrees to the following financial obligations:

a. The Court may order restitution to the victims of the offense to which the defendant is pleading guilty. The defendant agrees that the Court may order restitution in connection with the conduct charged in any counts of the indictment which are to be dismissed and all other uncharged related criminal activity.

b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

c. The defendant will fully and truthfully disclose all assets and property in which he has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

d. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

e. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets and restitution.

31

f. The defendant hereby authorizes the USAO to obtain a credit report pertaining to him to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

g. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of his fulfillment of this obligation at the time of sentencing.

h. The defendant certifies that he has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that he will make no such transfers in the future.

i. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

**17.** **Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive, or to authorize any third party to request or receive, from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

32

**18.  Waiver of Claim for Attorney's Fees.**  The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**19.  Defendant's Breach of Plea Agreement.**  If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement.  The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him in any and all criminal proceedings.  The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

**20.  Defendant's Representations.**  The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel.  The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with

33

this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

21. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

22. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement,

34

any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Jeffrey P. Ray
Acting United States Attorney

Dated: 4/17/25

William A. Alford III
Assistant United States Attorney

    I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the Superseding Indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 4/17/25

Fedo Antonia Manning
Defendant

    I am defendant Fedo Antonia Manning's attorney. I have fully explained to him his rights with respect to the offenses charged in the Superseding Indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Fedo Antonia Manning's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 4/17/25

Gregory Wyatt
Attorney for Defendant

35